**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                             No. 99-4225

SALVADOR GILVAJA-LEON,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Statesville.
Richard L. Voorhees, District Judge.
(CR-98-211-V)

Submitted: November 16, 1999

Decided: December 2, 1999

Before MURNAGHAN, WILLIAMS, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Janet C. Thomas, Charlotte, North Carolina, for Appellant. Brian Lee
Whisler, OFFICE OF THE UNITED STATES ATTORNEY, Char-
lotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Pursuant to his guilty plea, Salvador Gilvaja-Leon was convicted of re-entry into the United States by a deported alien with a felony history in violation of 8 U.S.C. § 1326(a), (b)(2) (1994). Gilvaja-Leon's counsel has filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), challenging the district court's decision denying his motion for a downward departure from the Sentencing Guidelines.[1] Although advised of his right to file a pro se supplemental brief, Gilvaja-Leon has not done so. Finding no reversible error, we affirm.

Gilvaja-Leon was deported to Mexico in 1995 following a drug conviction. In 1998, local police officers arrested Gilvaja-Leon for driving with a revoked license. Immigration officials were contacted, and it was quickly determined that Gilvaja-Leon had re-entered the United States without permission. Prior to sentencing, Gilvaja-Leon, who had numerous misdemeanor convictions for driving with a revoked license,[2] made a motion for a downward departure, alleging that his criminal history score seriously overstated his criminal conduct. The district court denied the motion after hearing evidence and argument from both sides.

Where the district court recognizes that it has the authority to grant a motion for downward departure, its refusal to do so is not reviewable. See United States v. Bayerle, 898 F.2d 28, 29-31 (4th Cir. 1990). In the present case, the record clearly shows that the district court recognized its authority to grant Gilvaja-Leon's motion, but felt that a departure was not warranted.

We have examined the entire record in this case in accordance with the requirements of Anders, and find no meritorious issues for appeal. The court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further

_____

[1] U.S. Sentencing Guidelines Manual (1998).
[2] These convictions contributed to Gilvaja-Leon's criminal history score.

2

review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We therefore affirm Gilvaja-Leon's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED